UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRESTON L. SKINNER, II,	Case No. 18-cv-12708

        Plaintiff,	Honorable Judith E. Levy
	Magistrate Mona K. Majzoub

v.

MICHIGAN ROD PRODUCTS, INC.,

        Defendant.

_____/

**DEFENDANT MICHIGAN ROD PRODUCTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S CRIMINAL CONDUCT AND CONVICTIONS**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

INTRODUCTORY STATEMENT ........................................................................ 1

ARGUMENT .......................................................................................................... 1

I.    Admission of Plaintiff's 2018 Domestic Abuse and Similar Conduct is not Violative of Federal Rule 404, nor is it More Prejudicial than Probative Under Federal Rules 401 and 403. ....................... 1

    A.    Rule 404 Analysis ................................................................................. 1

        1.    There is sufficient evidence the other acts occurred. ................................................................................. 2

        2.    The other acts evidence is probative of a material issue other than character. ............................................. 2

        3.    The other acts do not generate unfair prejudice that substantially outweighs the probative value of the acts. ............................................................................. 5

    B.    Plaintiff's Demand for an *In Limine* Order Excluding a Broad Range of Unidentified "Other Evidence" Should Be Rejected ........................................................................................... 6

CONCLUSION ....................................................................................................... 7

i

## STATEMENT OF ISSUES PRESENTED

Whether FRE 404(b)'s exceptions for the admission of evidence of a crime, wrong, or other act submitted (i) in support of an expert psychiatrist's opinions regarding Plaintiff's claim of emotional damages, and/or (ii) for purposes of witness impeachment, and/or (iii) related to Plaintiff's attendance record allows for the admission of criminal and wrongful acts Plaintiff's motion seeks to preclude.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Evidence 404(b)

# INTRODUCTORY STATEMENT

Plaintiff has moved to exclude his physical abuse of a girlfriend in 2009 and his related 2009 conviction for domestic violence, as well as Plaintiff's reported physical abuse of his wife in 2018, claiming the evidence is irrelevant under Federal Rule of Evidence 401, as well as violative of Federal Rules of Evidence 403 and 404. As an initial matter, Defendant Michigan Rod Products has no intention, at this time, of putting the 2009 abuse or the conviction into evidence. The remaining evidence to which Plaintiff objects is relevant and is not violative of either Rule 403 or 404.

# ARGUMENT

**I.   Admission of Plaintiff's 2018 Domestic Abuse and Similar Conduct is not Violative of Federal Rule 404, nor is it More Prejudicial than Probative Under Federal Rules 401 and 403.**

**A.   Rule 404 Analysis**

Evidence of a "crime, wrong, or other act" may be admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[T]he rule is one of inclusion rather than exclusion," *United States v. Copeland*, 51 F.3d 611, 614 (6th Cir. 1995), and is not limited to the enumerated exceptions. In *Copeland*, the Sixth Circuit held that admitting a defendant's prior arrest in an

1

unrelated case did not violate Rule 404(b), where the facts of the prior arrest corroborated other important witness testimony in the case. *Id*. at 614-15.

Admitting evidence under Rule 404(b) normally entails a three-step process, where the district court determines whether there is sufficient evidence that the other act occurred, "whether the evidence is probative of a material issue other than character, . . . [and] whether any unfair prejudice generated by the other act evidence is substantially outweighed by its probative value." *United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013) (internal citations omitted).

### 1. There is sufficient evidence the other acts occurred.

Here, there is sufficient evidence that the other acts occurred. The burden of showing that the other acts occurred is light and requires only something more than "unsubstantiated innuendo." *Mack*, 729 F.3d at 602. Here there is ample evidence the other acts occurred: (a) the 2009 domestic violence action appears in a criminal complaint, see Exhibit 1; (b) the 2009 conviction is a separate court document, see Exhibit 2; and Plaintiff's 2018 domestic assault against his wife appears in police records, see Exhibit 3.

### 2. The other acts evidence is probative of a material issue other than character.

Second, Rule 404(b) allows prior bad act evidence if the prior bad act is relevant to a purpose other than character. *Burton v. City of Zion*, 901 F.3d 772,

2

783 (7th Cir. 2018). See also *United States v. Parlier*, 570 F. App'x 509, 516 (6th Cir. June 27, 2014) (evidence that defendant was on probation for another crime or of his prior arrest did not violate Rule 404(b) where not offered to prove defendant acted in accordance with character in the charged crime).

The challenged evidence MRP proffers at this point involve only two records on which Defendant's forensic psychiatric expert, Dr. Elissa Benedek, relied in reaching certain key aspects of the expert opinion she intends to offer in this matter. Plaintiff's prior legal difficulties, including his reported 2018 physical abuse of his wife and a similar incident in 2012 involving Tomaniqua (a/k/a Tomeshia and Tomanigua) Horne, were considered by Dr. Benedek in reaching the following conclusion:

> On psychological evaluation and the psychological testing, [Plaintiff] exhibited a high level of defensiveness, and a minimization of difficulties. This impression was consistent with his clinical evaluation. As reported in the body of this clinical examination he denied prior employment difficulties, *minimized legal difficulties*, was guarded, defensive, and careful in the information he provided.

September 18, 2019 report of Dr. Benedek, at 38 (emphasis added) (attached as Exhibit 4).

One of the legal difficulties Plaintiff "minimized" in his clinical evaluation was his April 12, 2018 domestic assault charge by his wife. According to the Flint Police Department, on that date, "Mr. Skinner II punched his wife Sherita, in the back of her neck, punched her in the face, and put his knee into her throat while he

3

bit her arm." *Id*., at 28. There was a record of a similar incident in 2012 with Tomaniqua (a/k/a Tomeshia and Tomanigua) Horne, whose child Plaintiff fathered, and who has placed a lien on any recovery Plaintiff collects in this matter. (Notice of Lien, Exhibit 5).

Dr. Benedek also identified "relationship difficulties," such as those with his wife and Ms. Horne, as Plaintiff's primary psychosocial and environmental stressor in determining he has no diagnosable mental or emotional disorder, including no evidence of "an Adjustment Disorder, a Depressive Disorder," or any other disorder he has claimed he developed as a result of his MRP employment or termination of that employment. Exhibit 4 at 37-38.

Neither of the incidents that are the subject of Plaintiff's motion are offered to show he has a propensity for violence or to "break the law," as Plaintiff contends. Rather, they are offered to show the kind of inconsistent reporting of events that are critical to reaching expert conclusions in any forensic mental health examination. This is so because when asked in deposition or by Dr. Benedek in 2019 about the two events, Plaintiff either denied either occurred, claimed he couldn't remember any such event, or minimized them to the point of recalling them as simple misunderstandings from many years ago, even though the attack on his wife was only a year old at the time of the exam. (See *Id.* at 7-8 and Exhibit 6 for Plaintiff's deposition testimony about not recalling either event.) And these and

4

other such events show non-MRP related stressors in his life that may explain any claimed emotional distress.

### 3. The other acts do not generate unfair prejudice that substantially outweighs the probative value of the acts.

Plaintiff makes no argument as to why these events are not relevant, and they clearly are. Both events are the very data typically relied upon by forensic mental health experts in assessing a plaintiff's alleged damages in employment discrimination cases. As to Rule 403, Plaintiff offers only the conclusory rationale that MRP is "using Plaintiff's criminal convictions in order to unfairly prejudice the jury against the Plaintiff."

Evidence that is prejudicial only because it presents Plaintiff in an unfavorable light does not violate Rule 403. In applying Rule 403's balancing test, the proffering party's need for the evidence is an important consideration. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989). "[T]his court takes a maximal view of the probative effect of the evidence and a minimal view of its unfairly prejudicial effect and will hold that the district court erred only if the latter outweighs the former." *United States v. Sassanelli*, 118 F.3d 495, 498 (6th Cir. 1997). Plaintiff's argument that the other acts violate Rule 403 because the act presents him in an unfavorable light is not taking a minimal view of the event's probative effect and a maximal view of their unfairly prejudicial effect, as

5

required. MRP's proffer on the two events among all the other data on which Dr. Benedek relies does not violate Rule 404.

> B. **Plaintiff's Demand for an *In Limine* Order Excluding a Broad Range of Unidentified "Other Evidence" Should Be Rejected.**

While Plaintiff specifically identifies the 2009 domestic violence assault and his conviction on that charge, as well as the domestic violence assault on his wife, that is far from the full scope of the acts he seeks to exclude. As Plaintiff motion provides, he is seeking an *in limine* "Order prohibiting Defendant and its attorney from mentioning, suggesting, arguing, introducing, or offering any evidence during the trial of this matter that concerns past crimes, wrongs or other acts . . . ." Plaintiff's Motion, ECF No. 32, PageID.493. There are many "other acts" by Plaintiff that may be admissible for any variety of reasons.

For example, there is also a second non-character purpose for offering the 2012 and 2018 domestic assault evidence. In *United States v. Bratton*, 875 F. 2d 439 (5th Cir. 1989), the court allowed similar evidence of prior physical abuse of a spouse—at least for purposes of impeachment—where the defendant offered his wife as a witness in his favor. *Id*. at 443. This evidence was allowed, held the Fifth Circuit, because such past physical abuse "could easily have affected the content of [the wife's] testimony by inducing her to testify falsely out of fear of her husband." *Id*. In addition to Plaintiff's wife, the same can be said of Ms. Horne, who is a

6

potential trial witness with a similar reason to fear Plaintiff, as well as a declared monetary interest in the outcome of the trial or in any settlement in this case.

Similarly, Plaintiff's MRP employment file contains an absence report completed by Plaintiff that attributes Plaintiff's absence from work on January 26, 2016, to "jail." Plaintiff currently cannot recall whether he was in fact in jail when he missed that shift, nor can he deny it. (See Exhibit 7 for Plaintiff's deposition testimony and a copy of the absence report.) This absence could be probative on any number of bases, including but not limited to Plaintiff's prior admissions and his testimony at trial. The broad *in limine* Order Plaintiff seeks should be denied on this additional basis.

## CONCLUSION

MRP respectfully requests that the Court deny Plaintiff's motion *in limine*.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Julia Turner Baumhart*
    Eric J. Pelton (P40635)
    Julia Turner Baumhart (P49173)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
jbaumhart@khvpf.com

Dated: September 20, 2022

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record.

            */s/Julia Turner Baumhart*
            Julia Turner Baumhart (P49173)
            Kienbaum Hardy
            Viviano Pelton & Forrest, P.L.C.
            280 N. Old Woodward Avenue, Suite 400
            Birmingham, MI  48009
            (248) 645-0000
            jbaumhart@khvpf.com