# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Preston L Skinner, II,

                Plaintiff,          Case No. 18-12708

v.                              Judith E. Levy
                                United States District Judge

Michigan Rod Products, Inc.,

                                Mag. Judge Curtis Ivy, Jr.

                Defendant.

_____/

# <u>JURY INSTRUCTIONS</u>

# General Introduction

Now that you have heard the evidence in this case, it is my duty to instruct you about the applicable law.  These instructions will address jurors' basic duties in every case and then the specific law applicable to this case.  After the parties present their closing arguments, I will give you additional instructions on your deliberations and verdict.  There is no need to take notes, as I will give each of you a copy of these instructions for use during your deliberations.

It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their closing arguments.  If there is any difference

between the law as stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. Also, I have not meant to indicate any opinion as to the fact by my rulings, conduct or remarks during the trial; but if you think I have, you should disregard it. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

# Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, including cell phones or computers of any sort to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

## Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to the defendant in this case.

## All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.

## Facts to Be Determined from Evidence

It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.

# Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or agreed to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides agree on the existence of a fact, you must, unless otherwise instructed, accept that agreement and regard that fact as proved. Also, an admission of fact by a lawyer is binding on his or her client.

From time to time, it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves

with the reasons for these rulings.  Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

# Circumstantial Evidence

Facts can be proved by direct evidence from a witness or an exhibit. Direct evidence is evidence about what we actually see or hear.  For example, if you look outside and see rain falling, that is direct evidence that it is raining.

Facts can also be proved by indirect or circumstantial evidence.  Circumstantial evidence is evidence that normally or reasonably leads to other facts.  So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining.

Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition.  You must consider all the evidence, both direct and circumstantial.

# Questions Not Evidence

If a lawyer asked a witness a question during the trial that contained an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

## Jurors May Take into Account Ordinary Experience and Observations

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

# Credibility of Witnesses

You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony.   In doing so you may consider each witness's ability and opportunity to observe, his or her memory, manner while testifying, any interest, bias or prejudice, and the reasonableness of the testimony considered in the light of all the evidence.

# Prior Inconsistent Statement of Witness

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions.  You may consider an earlier statement as proof of the facts in this case if:

a.   The statement was made by the plaintiff, the defendant, or an agent or employee of either party; or

b.   The statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

c.   The witness testified during the trial that the earlier statement was true.

## Consideration of Deposition Evidence

During the trial you heard testimony from a deposition. A deposition is the sworn testimony of a party or witness taken before trial. All parties and their lawyers had the right to be present and to ask questions.

You are to give this evidence the same consideration as you would have given it had the witness testified in open court.

# Weighing Conflicting Evidence—Number of Witnesses

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

# Preponderance of the Evidence Defined

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# Employment Discrimination

I will now turn to instructing you on plaintiff Preston Skinner's specific claims against defendant Michigan Rod Products. In this case, Mr. Skinner asserts violations under federal and state antidiscrimination laws.

In order to prevail on these claims, Mr. Skinner must prove that Michigan Rod Products intentionally discriminated against him because of his race. The discrimination cannot have occurred by accident. Here, intentional discrimination means that Mr. Skinner's race was one of the reasons for his termination. In other words, but for Mr. Skinner's race he would not have been terminated. However, race does not have to be the only reason, or even the main reason, but it does have to be one of the reasons that resulted in Michigan Rod's decision to terminate Mr. Skinner. That said, Mr. Skinner is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional

discrimination may be inferred from the existence of other facts demonstrating discrimination.

In order to prove discrimination, Mr. Skinner has the burden of proving both of the following elements by a preponderance of the evidence:

1.    He was terminated by Michigan Rod Products; and

2.    His race was one of the determinative factors in Michigan Rod's decision to terminate Mr. Skinner.

If Mr. Skinner has proved both elements, he has proved his claims of discrimination under both state and federal law, and your verdict should be in his favor.

If Mr. Skinner has failed to prove either element, your verdict should be in favor of the defendant, Michigan Rod.

# Business Judgment

Your task is to determine whether Michigan Rod Products discriminated against Mr. Skinner. You are not to substitute your judgment for Michigan Rod's business judgment, or decide this case based upon what you would have done. You may not return a verdict for Mr. Skinner just because you might disagree with Michigan Rod's decision or believe it to be harsh or unreasonable.

However, you may consider the reasonableness or lack of reasonableness of Michigan Rod's stated business judgment along with all the other evidence in determining whether Michigan Rod discriminated or did not discriminate against Mr. Skinner.

# Effect of Instruction as to Damages

I will next instruct you on damages. The fact that I will instruct you on the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions on the measure of damages are given for your guidance only in the event you should find in favor of Mr. Skinner by a preponderance of the evidence in the case in accordance with the other instructions.

# Damages

If you find that Mr. Skinner has proven his claims of race discrimination under federal and state law, you must decide what amount will fairly and adequately compensate him for any damages that he sustained as a direct result of Michigan Rod's decision to terminate him. These are referred to as compensatory damages. An award of compensatory damages is meant to put the plaintiff in the position he would have been in if the discrimination had not occurred. They are not intended to punish the defendant. As the plaintiff, Mr. Skinner has the burden of proving his damages by a preponderance of the evidence.

Compensatory damages must be reasonable. The damages that you award must be fair compensation, no more and no less. Your award of damages must be based on evidence and not sympathy, speculation, or guesswork. This does not mean, however, that compensatory damages are

restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You may not award Mr. Skinner any damages if you find that Michigan Rod Products did not discriminate against Mr. Skinner because of his race.

## Measure of Damages

Mr. Skinner's claim for damages includes two distinct types of damages, and you must consider them separately:

*First*, you must determine the amount that reasonably compensates Mr. Skinner for any lost wages or benefits he would have earned in his employment with Michigan Rod Products if he had not been terminated on October 10, 2016. This is sometimes referred to as "back pay." In this case, back pay, if supported by the evidence, should be calculated from October 16, 2016 through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second* you must determine the amount of any other damages sustained by the plaintiff, such as pain, suffering, mental anguish, humiliation, outrage, or indignity. These are sometimes referred to as "emotional distress damages." No evidence of the monetary value of such intangible things as

pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

## Mitigation of Damages

In employment discrimination cases, the plaintiff must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." The defendant must prove by a preponderance of the evidence that the plaintiff failed to mitigate his damages for lost wages.

If you determine Mr. Skinner is entitled to damages for back pay and that Michigan Rod Products has proved Mr. Skinner failed to mitigate his damages, you must reduce your award of back pay by what Mr. Skinner could have earned by reasonable effort during the period from his discharge until the date of trial.

Mr. Skinner is required to accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1.    the type of work,

2.    the hours worked,

3.    the compensation,

4.    the job security,

5.    the working conditions, and

6.    other conditions of employment.

You must decide whether Mr. Skinner acted reasonably in not seeking, accepting, or staying in a particular job.  If you determine Mr. Skinner did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from his failure to do so and subtract that amount from your award of back pay.

You may not compensate Mr. Skinner for any portion of his damages resulting from his failure to make reasonable efforts to reduce his damages.

# After-Acquired Evidence

If you find in favor of Mr. Skinner, you must also consider whether his damages should be limited by what is referred to as "after-acquired evidence." After-acquired evidence is evidence of wrongdoing by the plaintiff that the defendant discovered after the plaintiff was terminated and would have also resulted in the plaintiff's termination.

Here, Michigan Rod Products contends that it would have made the same decision to terminate Mr. Skinner on June 11, 2019, when it learned of misrepresentations in Mr. Skinner's employment application. Specifically, Michigan Rod asserts that Mr. Skinner misrepresented having a G.E.D. or high school diploma, misrepresented his prior employment, and misrepresented the reason for his termination from a prior employer.

If Michigan Rod has proved by a preponderance of the evidence that it would have made the same decision and would

have terminated Mr. Skinner on July 11, 2019 because of these alleged misrepresentations, you should limit any award of back pay to that date.

# Use of Juror Notes

Throughout the trial, I permitted you to take notes and I have noticed that several of you have done so.  During your deliberations, you may use your notes to help you remember what happened in the courtroom.  However, you should not attach undue importance to the things you have written down. Testimony which seemed unimportant at the time, and was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.  Therefore, you should keep in mind that your notes are only a tool to aid your memory.  Your notes are not evidence and may not be a complete outline of the proceedings.  Above all, your memory is your greatest asset in rendering a decision in this case.

# Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

**First**, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

**Second**, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the

facts.  Your sole interest is to seek the truth from the evidence in the case.

**Third**, if you need to communicate with me during your deliberations, you may send a note to me, signed by any juror. I will respond as soon as possible either in writing or orally in open court.   Remember that you should not tell anyone—including me—how your votes stand numerically.

**Fourth**, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**Finally**, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this

form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# Verdict—Jury's Responsibility

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.